DONALD MORAN, Respondent, v. RHEINSTEIN CONSTRUCTION CO., INC., Appellant.— In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County, entered June 11, 1959, in favor of the plaintiff, after trial before the court without a jury. The plaintiff was injured when he fell from a steel beam, during the erection of the steel in the construction of a building. Judgment reversed on the law, with costs, and complaint dismissed, with costs. Findings of fact are affirmed. Plaintiff, a connector in a steel erection crew, was standing on horizontal beam No. 440, about 45 feet above the basement level, when he was struck by a steel column being lifted by a crane. The column was intended to be attached as a vertical extension to a 46-foot vertical column already erected. Beam No. 440 was one of a line of the most southerly beams installed at the time of the accident. The trial court found that plaintiff fell from the beam in a northerly direction inside the steel beams already erected. That finding is supported by the evidence. Plaintiff claims that defendant (the general contractor) was negligent in having failed to plank over the tier of beams at the level of beam No. 440, and that such planking is required by subdivision 4 of section 241 of the Labor Law. In our opinion, the statute does not impose such a duty here and defendant did not violate it, for two reasons: (1) The statute is applicable only "if the floor beams are of iron or steel." It is not disputed that beam No. 440 was not a floor beam of the permanent structure and no floor of the permanent structure was intended to be or was ever supported by beam No. 440. Plaintiff claims that beam No. 440 was part of the then "erection floor". However, the contention that the statute applies to an "erection floor beam" is not warranted. An interpretation of the statute so as to make it applicable only where the "erection floor beams" are made of certain material (iron or steel) is too limited and would not carry out the intent of the Legislature to eliminate the dangers inherent in the work. (2) The weight of the evidence is to the effect that either beam No. 440 was installed shortly before the accident or that the sloping ramp beams immediately to the north of beam No. 440, but at a lower elevation therefrom, were installed during the morning of the accident. If beam No. 440 was erected shortly before the accident, as defendant claims, then a reasonable time had not elapsed to give it the opportunity to plank over. On the other hand, if beam No. 440 had been installed several days before the accident, as plaintiff claims, then the sloping ramp beams were installed on the morning of the accident. In such event the space occupied by the sloping ramp beams was reasonably required for proper construction because that work could not have been performed if the opening had been covered at the

level of beam No. 440 and, hence, there was no violation of the statutory duty. (*Giorlando* v. *Stuyvesant Town Corp.*, 4 A D 2d 701.) Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.